**FILLMORE GARDENS SHOPPING CENTER, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 4896–A.**

United States District Court,
E. D. Virginia,
Alexandria Division.

Feb. 3, 1971.

---

Hugh C. Cregger, Jr., Arlington, Va., for plaintiff.

David H. Hopkins, Asst. U. S. Atty., Alexandria, Va., Helen E. Marmoll, Dept. of Justice, Tax Div., Washington, D. C., for defendant.

### ORDER

OREN R. LEWIS, District Judge.

The Court is of the opinion that the motion of the United States of America for summary judgment ought to be granted, and

It is so ordered.

This is an action by the plaintiff for the refund of federal corporate income taxes for the fiscal years ending July 31, 1962, 1963, 1964 and 1965.

The facts are not in dispute. The plaintiff owned land in Arlington, Virginia, which was leased to the Giant Food Shopping Center of Virginia. Prior to 1961 Giant informed the plaintiff that it would not renew its lease unless additional parking space was made available. On July 29, 1961 the plaintiff purchased the adjoining property for $134,000.00. This property consisted of a gas station, pumps and other related improvements.

This property was purchased with the intention of demolishing the improvements necessary to convert the same into additional parking for Giant. This was accomplished in September of 1961 and the parking area was then made available to Giant.

Of the total purchase price of the property, the plaintiff allocated $78,400.-00 to the land and $55,600.00 to the buildings which were demolished, and claimed a depreciation deduction based on a ten-year life.

In April of 1964 the plaintiff entered into a new lease with Giant covering both the old land and the new parking facilities. This lease was for a term of ten years—and the plaintiff again claimed a depreciation deduction on the buildings which had been demolished based upon a ten-year life.

Internal Revenue disallowed the depreciation claimed on the ground the plaintiff had formed the intention to demolish the buildings prior to the purchase and that the entire consideration paid for the property should have been allocated to the land. The plaintiff paid the deficiency and this suit followed.

The position taken by Internal Revenue has been one of long standing. It is now codified in Treasury Regulations on Income Tax (1954 Code), § 1.165–3(a). This regulation clearly states that no loss deduction will be allowed on account

of the demolition of old buildings standing on newly purchased property but that the entire basis of the purchased property shall be allocated to the land alone.

A somewhat similar factual case to the one here is Bender v. United States, 383 F.2d 656 (6th Cir. 1967).

The plaintiff concedes that it was its intention when it purchased the property to demolish the improvements. It now states that its intention to demolish was contingent upon the expiration of the lease of the petroleum company. The question, however, is not whether the plaintiff was prohibited from demolishing the buildings until a later date due to some intervening cause. It is whether the intention to demolish in this case was reached prior to purchase. The facts and the law are both against the plaintiff, and refund of the taxes paid will be denied and the suit dismissed.